(52 Misc. Rep. 663)

## MOORE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  February 11, 1907.)

STREET RAILROADS—OPERATION—COLLISIONS WITH VEHICLES.

> As between a street car and a vehicle in the streets of a city between crossings, the street car may be said to have a preferential, though not exclusive, right of way.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 193.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John F. Moore against the New York City Railway Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William E. Weaver, for appellant.

E. J. McGuire, for respondent.

MacLEAN, J.  From the plaintiff's own testimony that it was only a matter of a second or two that he was on the track before he was hit, that he had to be pretty quick, was not quick enough, and the motorman was a little quicker, coupled with the testimony of his coachman that they went in on the track ahead of one of the elevated pillars and turned out before they came to the other, it would seem that the plaintiff took chances and required the exercise of greater care by the motorman than he was seemingly willing to exercise himself, and that, too, at a point where the defendant may be said to have had a preferential, although not an exclusive, right.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

---

(117 App. Div. 486)

## EDMONDS v. ATTUCKS MUSIC PUB. CO.

(Supreme Court, Appellate Division, First Department.  February 8, 1907.)

DISCOVERY—INSPECTION OF BOOKS.

> In an action for services rendered by the plaintiff to defendant as its general manager, the answer sets up a counterclaim of 50 odd items of money, which it alleged the plaintiff misappropriated, and which presumably appear on defendant's books.  Plaintiff moved the court for an order for inspection of these books.  Held, that as the inspection, under such circumstances, was as much for the benefit of the trial court as for plaintiff, the court erred in denying the motion.

Appeal from Special Term, New York County.

Action by Shepard N. Edmonds against the Attucks Music Publishing Company.  From an order granting defendant's motion to be relieved from a stipulation respecting the examination of certain books and papers, and denying plaintiff's motion for such inspection, plaintiff appeals.  Reversed and remanded.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Charles Goldzier, for appellant.
Benno Loewy, for respondent.

HOUGHTON, J. Counsel formerly representing the defendant had stipulated orally with counsel for plaintiff that certain books and papers of the defendant might be examined without an order or that in case of necessity an order so to do might be entered, which latter course was pursued. Meantime, however, defendant had changed attorneys and moved to be relieved from this stipulation and order, to which motion plaintiff replied by asking that the order stand or that a new order for inspection be made. The court set aside the former stipulation and order and denied plaintiff's motion for inspection.

The action is for services rendered by the plaintiff to defendant as its general manager in the music publishing business. The answer, in addition to the denials, sets up a counterclaim of 50 odd items of money, specific dates and amounts of which are given, which it is alleged the plaintiff misappropriated, aggregating in all the sum of $2,745.81. The particularity with which these items are set forth indicates that presumably they must appear upon defendant's books of account, and such is claimed to be the fact. The consent of defendant's former counsel that plaintiff might examine defendant's books would seem to have been entirely proper. Such inspection would necessarily facilitate the trial by determining what could be admitted and what would be controverted. There are a large number of items and an inspection under such circumstances is as much for the benefit of the trial court as for the party himself, for it tends to eliminate uncontested issues. The fact that there have been two mistrials without inspection is not a reason for now withholding it. On the contrary, it may tend toward the bringing about of a trial which will finally settle the controversy. It is possible that the consent of counsel for defendant to an order for inspection, he not being the attorney of record, was not binding, and that for that reason the order entered after he had ceased to be counsel should have been set aside. The court, however, should have granted the plaintiff's motion for inspection of the defendant's books mentioned in and according to the form of the order which was set aside.

The order appealed from should be reversed, with $10 costs and disbursements, and plaintiff's motion for inspection granted as indicated. All concur.